Dear Director Copehaven,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question:
Does the State Accrediting Agency have the authority under38 U.S.C.A. 1775 to approve courses of study offered on federal militaryinstallations by regionally accredited out-of-state institutions ofhigher education for active duty military personnel and/or theirdependents?
Title 38 U.S.C.A. 1771 provides that the Governor of each state is to create or designate an agency, which agency shall approve courses for individuals entitled to receive educational benefits from the Veterans Administration.
Title 72 O.S. 241 (1971), provides:
 "The State Accrediting Agency, . . . shall be the `State approving agency' referred to in the Veterans Readjustment Assistance Act of 1952 (Public Law 550 — 82nd Congress), and shall have authority on behalf of the State of Oklahoma, to enter into and carry out contracts with the U.S. Veterans Administrations, Administrator of Veterans Affairs, or any other Federal Agency, . . . for the approval of courses of on-the-job training, institutional on-farm training, apprentice training, war veterans' educational programs, or any other veterans' training programs authorized by Federal law, and for other services authorized or required by the U.S. Veterans Administration, Administrator of Veterans Affairs, or other Federal agencies in connection with any such training or programs; . . ."
Title 38 U.S.C.A. 1775 further provides a manner in which the State approving agency may approve accredited courses for purposes of the Act.
 "(a) A State approving agency may approve the courses offered by an educational institution when —
 (1) Such courses have been accredited and approved by a nationally recognized accrediting agency or association;
 (3) Such courses are accepted by the State Department of Education for credit for a teacher's certificate or a teacher's degree. Emphasis added
It should be noted that under paragraph (a)(1), the nationally recognized accrediting agency for this region is the North Central Association of Colleges and Universities. Your letter indicates that the specific courses in question have been accredited by the regional accrediting agency. Even if the State Accrediting Agency utilizes the accreditation of a nationally recognized accrediting agency, the State Accrediting Agency must still assure compliance with the provisions of U.S.C.A. 1775(b).
U.S.C.A. 1775 (b) requires the State Accrediting Agency to find that the educational institution maintains adequate records showing the progress of each eligible person or veteran and to maintain adequate records showing that standards relating to progress and conduct are enforced. The State Accrediting Agency must also find that the educational institution maintains written records of the previous education and training of each eligible veteran or person and clearly indicates that such previous education will be credited appropriately towards shortening the training period proportionately. It is readily apparent that under applicable state and federal statutes, the State Accrediting Agency has authority to "approve" courses of the type mentioned in your questions. However, nothing in this opinion should be construed as addressing or affecting the constitutional authority of the State Regents to accredit state institutions of higher education or to establish the criteria for accepting out-of-state earned credit at in-state institutions of higher education. 70 O.S. 3206 (1971), Okla. Const. Article XIIIA, Section 2.
It is, therefore, the opinion of the Attorney General that so long assuch courses are offered on the military installation and the approvingcriteria as set forth in 38 U.S.C.A. 1775 are complied with, the StateAccrediting Agency has authority to approve courses of study offered onfederal military installations by regionally accredited out-of-stateinstitutions of higher education for active duty military personneland/or their dependents.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
PATRICIA R. DEMPS, ASSISTANT ATTORNEY GENERAL